FILED
CLERK
2/3/2016 4:28 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLO GIBBONS,

        Plaintiff,

  -against-

NASSAU COUNTY, MICHAEL SPOSATO,

        Defendants.
------------------------------------------------------------X

**ORDER**

15-CV-1956 (SJF)(SIL)

FEUERSTEIN, J.

    Plaintiff Carlo Gibbons ("Gibbons" or "Plaintiff") moves for reconsideration of the April 30, 2015 Order dismissing his complaint with prejudice for failure to state a claim for relief. (DE 5, Mot. for Reconsideration). The complaint alleges that Gibbons was deprived of his constitutional rights pursuant to 42 U.S.C. § 1983 when he contracted a staph infection during his incarceration at the Nassau County Correctional Center ("NCCC") between 2011 and 2012. (DE 1, Compl. at 1-2). On April 30, 2015, Gibbons's action was dismissed with prejudice, as his civil rights claim had previously been dismissed with prejudice in a prior consolidated action, *Anderson, et al. v. Sposato, et al.*, No. 11-cv-5663, and his claim was therefore precluded. (DE 3, Order at 4). Judgment was entered on May 8, 2015. (DE 4, J.).

    "A motion for reconsideration should be granted only when the [party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Reconsideration will not be granted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion, *see Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008); (2) advances new arguments or issues that could have been raised on the original motion, *see Redd v. N.Y. State Div. of Parole*, 923 F. Supp. 2d 393, 396 (E.D.N.Y. 2013); or (3) "seeks solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257. It is within the sound discretion of the district court whether to grant a motion for reconsideration. *See Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

Plaintiff alleges that he has found "newly discovered evidence" that would merit granting his motion for reconsideration. *See* Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence"). Gibbons claims that he did not have symptoms suggesting a staph infection before he arrived at the NCCC but presented with such symptoms upon his release from the NCCC. (DE 5, Mot. for Reconsideration at 2). However, the factual allegation fails to constitute "newly discovered evidence" pursuant to Rule 60(b)(2), as Gibbons raised the same claim in his complaint. (S*ee* DE 1, Compl. at 2). As a result, Plaintiff has failed to advance any reason for why his motion should be granted, and the motion for reconsideration is denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: February 3, 2016
      Central Islip, New York